UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-24918-JEM

DIANA BERBER,

          Plaintiff,

v.

WELLS FARGO BANK, N.A., and
MARSHA PAINTER,

          Defendants.
_____/

**FIRST AMENDED COMPLAINT/JURY TRIAL DEMANDED**
(Fla. Bar No. 133162)

Plaintiff Diana Berber ("Berber"), by her undersigned attorneys, sues Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Marsha Painter ("Painter") and alleges:

SUBJECT-MATTER JURISDICTION

1. This is a civil action under the Florida Private Whistleblower Act, §§ 448.101-448.105, Florida Statutes ("the FWA"), for compensatory damages which exceed $75,000.00, equitable relief and punitive damages. This Court does not possess subject-matter jurisdiction under 28 U.S.C. § 1332.[1]

---

[1] Simultaneously with the filing of this First Amended Complaint, Berber is moving under 28 U.S.C. § 1447(c) to remand this [previously removed] civil action to the Circuit Court of the Eleventh Judicial Circuit of Florida, where it began as Case No. 16-25612 (CA 02).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-24918-JEM

DIANA BERBER,

                    Plaintiff,

v.

WELLS FARGO BANK, N.A., and
MARSHA PAINTER,

                    Defendants.
_____/

## FIRST AMENDED COMPLAINT/JURY TRIAL DEMANDED
(Fla. Bar No. 133162)

Plaintiff Diana Berber ("Berber"), by her undersigned attorneys, sues Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Marsha Painter ("Painter") and alleges:

### SUBJECT-MATTER JURISDICTION

1. This is a civil action under the Florida Private Whistleblower Act, §§ 448.101-448.105, Florida Statutes ("the FWA"), for compensatory damages which exceed $75,000.00, equitable relief and punitive damages. This Court does not possess subject-matter jurisdiction under 28 U.S.C. § 1332.[1]

---

[1] Simultaneously with the filing of this First Amended Complaint, Berber is moving under 28 U.S.C. § 1447(c) to remand this [previously removed] civil action to the Circuit Court of the Eleventh Judicial Circuit of Florida, where it began as Case No. 16-25612 (CA 02).

2. Berber is a resident and citizen of Miami-Dade County, Florida. She is not subject to any legal disabilities.

3. Wells Fargo is a national banking association. Its principal place of business is located in Sioux Falls, South Dakota. At all times pertinent to this civil action, Wells Fargo has conducted business in Miami-Dade and Broward Counties, Florida.

4. Painter is a resident and citizen of Broward County, Florida. She is not subject to any legal disabilities.

## CONDITIONS PRECEDENT

5. All conditions precedent to the commencement and prosecution to final judgment of this civil action have taken place, have been performed or have been waived or excused by Wells Fargo and Painter.

## VENUE

6. The venue of this civil action is properly laid in the Southern District of Florida because at all pertinent times (a) Berber and Painter have resided in this District and (b) Wells Fargo has conducted business in this District.

## ENGAGEMENT OF COUNSEL

7. Berber has been compelled to engage the professional services of Metschlaw, P.A., for the purpose of preparing, commencing and prosecuting to final judgment this civil action. In that regard, Berber has obligated herself to pay that law firm a reasonable attorney's fee and to reimburse that law firm's necessary, non-overhead, out-of-pocket expenditures. *See,*

§ 448.104, Florida Statutes.

## THE RELEVANT DOCUMENTS

8. Attached hereto as Exhibit "A" is a true copy of the Stipulation And Consent To The Issuance Of A Consent Order, Document 2, Docket No. 2016-CFPB-0015, the contents of which are incorporated herein by reference.

9. Attached hereto as Exhibit "B" is a copy of the Consent Order, Document 1, Docket No. 2016-CFPB-0015, the contents of which are incorporated herein by reference.

10. Attached hereto as Exhibit "C" is a copy of the August 15, 2016, Order in *The People Of The State Of California v. Wells Fargo And Company, et al.*, Case No. CV-15-4181 (FFMx), U.S. District Court, Central Division of California, the contents of which are incorporated herein by reference.

11. Attached hereto as Exhibit "D" is a copy of the Stipulated Final Judgment in *The People Of The State Of California v. Wells Fargo And Company, et al.*, Case No. BC580778, Superior Court of the State of California, County of Los Angeles, Central Civil West, the contents of which are incorporated herein by reference.

12. Attached hereto as Exhibit "E" is a copy of Wells Fargo's responses to questions posed by members of the Committee On Banking, Housing And Urban Affairs of the United States Senate, the contents of which are incorporated herein by reference.

13. Attached hereto as Exhibit "F" is a copy of the Wells Fargo news release, dated September 27, 2016, the contents of which are incorporated herein by reference.

14. Attached hereto as Exhibit "G" is a copy of a stipulation, dated September 1, 2016, between Wells Fargo and the Office of the Comptroller of the Currency ("the OCC"), for the entry of an order for a $35,000,000.00 penalty, Docket No. AA-EC-2016-67, the contents of which are incorporated herein by reference.

15. Attached hereto as Exhibit "H" is a copy of the OCC's Statement Regarding Revocation Of Relief To Wells Fargo Bank, N.A., etc., dated November 18, 2016, the contents of which are incorporated herein by reference.

## THE FACTS

16. From July, 2013, to March, 2014, Berber was employed as a personal banker in the Wells Fargo branch located at 3600 North Ocean Boulevard, Fort Lauderdale, Florida 33308. Consequently, Berber qualifies as an "employee" within the scope of § 448.101(2), Florida Statutes.

17. From July, 2013, to March, 2014, Wells Fargo employed more than ten (10) people. Consequently, Wells Fargo qualifies as Berber's "employer" within the scope of § 448.101(3), Florida Statutes.

18. From July, 2013, to March, 2014, Painter was the Manager of the Wells Fargo branch located at 3600 North Ocean Boulevard, Fort Lauderdale, Florida 33308, in which more than ten (10) people were employed. Consequently, Painter also qualifies as Berber's "employer" within the scope of § 448.101(3), Florida Statutes.

19. Throughout her employment by Wells Fargo and Painter, Berber was pressured to open additional checking, savings and credit card accounts for existing customers and to recruit new customers for whom checking, savings and credit card accounts would be opened. On repeated occasions during her employment, Berber was humiliated and harassed by Painter because Berber had failed to meet the new account quotas which had been set for her. Although she was repeatedly humiliated and harassed by Painter, Berber refused to engage in any practices which would have caused frauds to be perpetrated upon existing or new customers.

20. In March, 2014, Wells Fargo and Painter involuntarily terminated Berber's employment. Since that time, Berber has been unable to secure employment in the financial services industry.

21. Between March, 2014, and the filing of this civil action, Wells Fargo and Painter fraudulently concealed from Berber the existence of policies which forced personal bankers, such as Berber, to choose between (a) retaining their jobs by perpetrating frauds upon existing and new customers and (b) losing their jobs by conducting themselves in compliance with applicable federal and Florida laws, rules and regulations.

22. Wells Fargo and Painter involuntarily terminated Berber's employment because Berber objected to, or refused to participate in, activities which were in violations of laws, rules, or regulations, including the Florida Deceptive and Unfair Trade Practices Act, Part II, Chapter 501, Florida Statutes, and which retaliatory action violated § 448.102(3), Florida

Statutes.

23. Wells Fargo and Painter, in their foregoing dealings with Berber, was each personally guilty of "intentional misconduct", as that term is defined in § 768.72(2)(a), Florida Statutes, which "intentional misconduct" resulted in injury or damage to Berber.

## CLAIMS FOR RELIEF

24. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, by Wells Fargo and Painter, Berber has sustained economic injuries and losses for which she is entitled by § 448.103(2)(d), Florida Statutes, to recover compensatory damages from Wells Fargo and Painter.

25. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, by Wells Fargo and Painter, Berber has suffered mental anguish and loss of capacity for the enjoyment of life for which she is entitled by § 448.103(2)(e), Florida Statutes, to recover compensatory damages from Wells Fargo and Painter.

26. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, by Wells Fargo and Painter, Berber is entitled by § 448.103(2)(b), Florida Statutes, to reinstatement to the same position which she held prior to being fired or to an equivalent position.

27. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, by Wells Fargo and Painter, Berber is entitled by § 448.103(2)(c), Florida Statutes, to the reinstatement of full fringe benefits and seniority rights.

28. As the result of the foregoing violations of § 448.102(3), Florida Statutes, by Wells Fargo and Painter, Berber is entitled to recover punitive damages from Wells Fargo and Painter.

Wherefore, Berber demands judgment for compensatory and punitive damages against Wells Fargo and Painter, jointly and severally, pre-judgment interest, the costs of this civil action (including a reasonable attorney's fee) and appropriate equitable relief.

## DEMAND FOR JURY TRIAL

29. Berber demands trial by jury of all claims and issues so triable.

METSCHLAW, P.A.
Attorneys for Berber
20801 Biscayne Blvd., Ste. 300
Aventura, FL 33180-1423
Telephone: (305) 792-2540
Telecopier: (305) 792-2541
E-Mail: Lmetsch@metsch.com

by _____
LAWRENCE R. METSCH
FBN 133162

## CERTIFICATE OF SERVICE

I hereby certify that, using the District Court's ECF/CM system, trues copies of the foregoing First Amended Complaint have been electronically served this ___ day of November, 2016, on:

Jessica T. Travers, Esq. (Jtravers@littler.com)
Samantha Dunton-Gallagher, Esq. (Sdunton@littler.com)
Littler Mendelson, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
E-Mail: kljackson@littler.com
E-Mail: sgarcia@littler.com

_____
LAWRENCE R. METSCH