UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-24918-MARTINEZ/GOODMAN

DIANA BERBER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and
MARSHA PAINTER,

    Defendants.
_____/

**FOURTH AMENDED COMPLAINT/JURY TRIAL DEMANDED**
(Fla. Bar No. 133162)

Plaintiff Diana Berber ("Berber"), by her undersigned attorneys, sues Defendants Wells Fargo Bank, N.A. ("WFBNA"), and Marsha Painter ("Painter") and alleges:

SUBJECT-MATTER JURISDICTION

1. This is a civil action under the Florida Private Whistleblower Act, §§ 448.101-448.105, Florida Statutes ("the FPWA"), for compensatory damages which exceed $75,000.00, equitable relief and punitive damages. In addition, this is a civil action under the Florida Civil Remedies For Criminal Practices Act, §§ 772.101-772.104, Florida Statutes ("Florida RICO"), for treble compensatory damages which exceed $75,000.00. This Court does not possess subject-matter jurisdiction under 28 U.S.C. § 1332.

2. Berber is a resident and citizen of Miami-Dade County, Florida. She is not subject to any legal disabilities.

3. WFBNA is a national banking association. Its principal place of business is located in Sioux Falls, South Dakota. At all times pertinent to this civil action, WFBNA has conducted business in Miami-Dade and Broward Counties, Florida. WFBNA is a wholly-owned subsidiary of Wells Fargo & Company ("WF&C"), a Delaware corporation, the shares of which are publicly traded. WF&C is an "enterprise" as that term is defined in § 772.102(3), Florida Statutes, and is the "enterprise" referred to in Count II of this Third Amended Complaint.

4. Painter is a resident and citizen of Broward County, Florida. She is not subject to any legal disabilities.

## CONDITIONS PRECEDENT

5. All conditions precedent to the commencement and prosecution to final judgment of this civil action have taken place, have been performed or have been waived or excused by WFBNA and Painter.

## VENUE

6. The venue of this civil action is properly laid in the Southern District of Florida because at all pertinent times (a) Berber and Painter have resided in this District and (b) WFBNA has conducted business in this District.

## ENGAGEMENT OF COUNSEL

7. Berber has been compelled to engage the professional services of Metschlaw, P.A., for the purpose of preparing, commencing and prosecuting to final judgment this civil action.

In that regard, Berber has obligated herself to pay that law firm a reasonable attorney's fee and to reimburse that law firm's necessary, non-overhead, out-of-pocket expenditures. *See*, §§ 448.104 and 772.104, Florida Statutes.

## THE RELEVANT DOCUMENTS

8. Attached hereto as Exhibit "A" is a true copy the July 20, 2011, Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent in Docket Nos. 11-094-B-HC1, 11-094-I-HC1, 11-094-B-HC2, and 11-094-I-HC2, which was issued by The Board Of Governors Of The Federal Reserve System, the contents of which are incorporated herein by reference.

9. Attached hereto as Exhibit "B" is a true copy of the Stipulation And Consent To The Issuance Of A Consent Order, Document 2, Docket No. 2016-CFPB-0015, which was executed by WFBNA and the Consumer Financial Protection Bureau, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

10. Attached hereto as Exhibit "C" is a copy of the Consent Order, Document 1, Docket No. 2016-CFPB-0015, which issued by the Consumer Financial Protection Bureau, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

11. Attached hereto as Exhibit "D" is a copy of the August 15, 2016, Order in *The People Of The State Of California v. Wells Fargo And Company, et al.*, Case No. CV-15-4181 (FFMx), U.S. District Court, Central Division of California, the contents of which are

3

incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

12. Attached hereto as Exhibit "E" is a copy of the Stipulated Final Judgment in *The People Of The State Of California v. Wells Fargo And Company, et al.*, Case No. BC580778, Superior Court of the State of California, County of Los Angeles, Central Civil West, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

13. Attached hereto as Exhibit "F" is a copy of WFBNA's responses to questions posed to WFBNA's former Chief Executive Officer, Mr. John C. Stumpf, during the September 20, 2016, hearing of the Committee On Banking, Housing And Urban Affairs of the United States Senate, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

14. Attached hereto as Exhibit "G" is a copy of the WFBNA news release, dated September 27, 2016, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

15. Attached hereto as Exhibit "H" is a copy of the stipulation, dated September 1, 2016, between WFBNA and the Office of the Comptroller of the Currency ("the OCC"), for the entry of an order for a $35,000,000.00 penalty, Docket No. AA-EC-2016-67, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

16. Attached hereto as Exhibit "I" is a copy of the OCC's Statement Regarding Revocation Of Relief To Wells Fargo Bank, N.A., etc., dated November 18, 2016, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

17. Attached hereto as Exhibit "J" is a copy of the testimony of Mr. John Stumpf, the former Chief Executive Officer of WFBNA, dated September 20, 2016, before the Committee on Banking, Housing and Urban Affairs of the United States Senate, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

18. Attached hereto as Exhibit "K" is a copy of the March 18, 2014, letter from Painter to Berber advising Berber of the termination of her employment, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

19. Attached hereto as Exhibit "L" is a copy of the March 1, 2017, WFBNA document entitled *Highlights of Board and Company Actions in Response to Sales Practices*, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

20. Attached hereto as Exhibit "M" is a copy of the WFBNA news release, dated February 21, 2017, entitled *Wells Fargo Announces Actions Based on Retail Sales Practices Investigation*, the contents of which are incorporated herein by reference, pertaining to

WFBNA's improper retail sales practices..

21. Attached hereto as Exhibit "N" is a copy of the WFBNA news release, dated March 28, 2017, entitled *Wells Fargo announces agreement in principle to settle class action lawsuit regarding retail sales practices*, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

22. Attached hereto as Exhibit "O" is a copy of the WFBNA news release, dated April 10, 2017, entitled *Wells Fargo releases Findings of Independent Investigation of Retail Banking Sales practices and Related Matters,* the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

23. Attached hereto as Exhibit "P" is a copy of the WFBNA news release, dated April 10, 2017, entitled *Wells Fargo Statement Regarding Board Investigation into the Community Bank's Retail Sales Practices*, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

24. Attached hereto as Exhibit "Q" is a copy of the WFBNA report containing the findings of the independent investigation of retail sales practices and related matters, dated April 10, 2017, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

25. Attached hereto as Exhibit "R" is a copy of the document entitled *Lessons Learned Review of Supervision Of Sales Practices At Wells Fargo*, issued by the Office of the Comptroller Of The Currency, U.S. Department of the Treasury, dated April 19, 2017,

the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

26. Attached hereto as Exhibit "S" is a copy of an article which appeared in the December 21, 2013, edition of The Los Angeles Times entitled *Wells Fargo's pressure-cooker sales culture comes at a cost*, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

27. Attached hereto as Exhibit "T" is a copy of the WFBNA news release, dated July 27, 2017, entitled *Wells Fargo Announces Plan To Remediate Customers For Auto Insurance Coverage*, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper automobile insurance practices.

28. Attached hereto as Exhibit "U" is a copy of a Search Warrant And Affidavit, dated October 5, 2016, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

29. Attached hereto as Exhibit "V" is a copy of the WFBNA news release, dated August 31, 2017, entitled *Wells Fargo Reports Completion Of Expanded Third-Party Review of Retail Banking Accounts, Paving Way To Complete Remediation Effort*, the contents of which are incorporated herein by reference, pertaining to WFBNA's improper retail sales practices.

## COUNT I- THE FPWA

30. Berber realleges the matters set forth in ¶¶ 1 through 29 of this Fourth Amended Complaint.

31. This is an action for compensatory damages, punitive damages and equitable relief under the FPWA.

33. From July, 2013, to March, 2014, Berber was employed as a personal banker in the WFBNA branch located at 3600 North Ocean Boulevard, Fort Lauderdale, Florida 33308. Consequently, for the purposes of this civil action, Berber qualifies as an "employee" within the scope of § 448.101(2), Florida Statutes.

34. From July, 2013, to March, 2014, WFBNA employed more than ten (10) people. Consequently, for the purposes of this civil action, WFBNA qualifies as Berber's "employer" within the scope of § 448.101(3), Florida Statutes.

35. From July, 2013, to March, 2014, Painter was the Manager of the WFBNA branch located at 3600 North Ocean Boulevard, Fort Lauderdale, Florida 33308, in which more than ten (10) people were employed.[1]

36. Throughout her employment, Berber was pressured to open additional checking, savings and credit card accounts for existing customers and to recruit new customers for

---

[1] In compliance with the ¶ 2 of the Court's March 5, 2018, order (ECF 175), Berber does not, by this pleading, seek relief against Painter under the FPWA. However, Berber respectfully persists in her contention that whether Painter qualified as Berber's joint employer presents a jury question. *See, See, Diaz v. Impex of Doral, Inc.*, 7 So. 3d 591 (Fla. 3d DCA), *review denied*, 19 So. 3d 311 (Fla. 2009)

8

whom checking, savings and credit card accounts would be opened. On repeated occasions during her employment, Berber was humiliated and harassed by Painter because Berber had failed to meet the new account quotas which had been set for her. Although she was repeatedly humiliated and harassed by Painter, Berber refused to engage in any practices which would have caused frauds to be perpetrated upon existing or new customers.

37. On March 18, 2014, Berber's employment was involuntarily terminated. Since that time, Berber has been unable to secure employment in the financial services industry.

38. Between July, 2013, and April 10, 2017, the existence of policies which forced personal bankers, such as Berber, to choose between (a) retaining their jobs by perpetrating frauds upon existing and new customers and (b) losing their jobs by conducting themselves in compliance with applicable federal and Florida laws, rules and regulations was fraudulently concealed from Berber.

39. Berber's employment was involuntarily terminated because Berber objected to, or refused to participate in, activities which were in violations of laws, rules, or regulations, including 12 U.S.C. § 5536, and which retaliatory action violated § 448.102(3), Florida Statutes.

40. WFBNA, in its foregoing dealings with Berber, was guilty of "intentional misconduct", as that term is defined in § 768.72(2)(a), Florida Statutes, which "intentional misconduct" resulted in injury or damage to Berber.

41. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, Berber has sustained economic injuries and losses for which she is entitled by § 448.103(2)(d), Florida Statutes, to recover compensatory damages.

42. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, Berber has suffered a miscarriage and mental anguish and loss of capacity for the enjoyment of life for which she is entitled by § 448.103(2)(e), Florida Statutes, to recover compensatory damages.

43. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, Berber is entitled by § 448.103(2)(b), Florida Statutes, to reinstatement by WFBNA to the position which she held prior to being fired or to an equivalent position.

44. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, Berber is entitled by § 448.103(2)(c), Florida Statutes, to the reinstatement by WFBNA of full fringe benefits and seniority rights.

45. As the proximate result of the foregoing violations of § 448.102(3), Florida Statutes, Berber is entitled to recover punitive damages from WFBNA.

46. Berber demands trial by jury of all claims and issues so triable.

Wherefore, Berber demands judgment for compensatory and punitive damages against WFBNA, pre-judgment interest, the costs of this civil action (including a reasonable attorney's fee) and appropriate equitable relief.

## COUNT II- FLORIDA RICO

47. Berber realleges the matters set forth in ¶¶ 1 through 29 of this Fourth Amended Complaint.

48. This is an action for treble compensatory damages under Florida RICO.

49. From July, 2013, to March 18, 2014, Berber was employed as a personal banker in the WFBNA branch located at 3600 North Ocean Boulevard, Fort Lauderdale, Florida 33308.

50. From July, 2013, to March 18, 2014, Painter was the Manager of the WFBNA branch located at 3600 North Ocean Boulevard, Fort Lauderdale, Florida 33308.[2]

51. From July, 2013, to March 18, 2014, WFBNA and Painter engaged in "criminal activity" and a "pattern of criminal activity", as those terms are defined in §§ 772.102(1)(a)(22) and 772.102(4), Florida Statutes, and used in § 772.103, Florida Statutes, by willfully blinding themselves to the commissions of frauds by their employees, with the exception of Berber, upon their customers by means of WFBNA's improper retail sales practices. From July, 2013, to March 18, 2014, WFBNA engaged in "criminal activity" and a "pattern of criminal activity", as those terms are defined in §§ 772.102(1)(a)(22) and 772.102(4), Florida Statutes, and used in § 772.103, Florida Statutes, by defrauding its automobile loan borrowers by means of WFBNA's improper automobile insurance practices.

---

[2] Painter has properly been joined as a Defendant. *See, LaVornia v. Rivers,* 669 So. 2d 288 (Fla. 5th DCA 1996), and *MP, LLC v. Sterling Holding, LLC,* 231 So. 3d 517 (Fla. 3d DCA 2017).

52. From July, 2013, to March 18, 2014, WFBNA and Painter were "persons", as that term is used in § 772.103, Florida Statutes.

53. From July, 2013, to March 18, 2014, WFBNA and Painter, with criminal intent and in violation of § 772.103(1), Florida Statutes, generated proceeds derived, directly or indirectly, from their pattern of criminal activity, which proceeds were used in the operation of WF&C, an "enterprise", as that term is defined in § 772.102(3), Florida Statutes, and used in § 772.103, Florida Statutes.

54. From July, 2013, to March 18, 2014, Berber relied upon the explicit promises of WFBNA and Painter that she would be treated fairly and in good faith by WFBNA and Painter, which explicit promises were breached by WFBNA and Painter in the manner alleged in this Fourth Amended Complaint.

55. As the proximate result of the pattern of criminal activity conducted by WFBNA and Painter, Berber has suffered the following injuries for which she is entitled to recover compensatory damages from WFBNA and Painter: (a) economic injuries and losses, (b) a miscarriage, and (c) mental anguish and the loss of her capacity for the enjoyment of life.

56. Because Berber has been injured by reason of the foregoing violations of § 772.103(1), Florida Statutes, perpetrated by WFBNA and Painter, she is entitled under § 772.104(1), Florida Statutes, to recover from WFBNA and Painter, jointly and severally, threefold the actual damages which she has sustained.

57. Berber demands trial by jury of all claims and issues so triable.

Wherefore, Berber demands judgment for threefold her damages against WFBNA and Painter, jointly and severally, plus pre-judgment interest and her costs of this civil action, including a reasonable attorney's fee.

>METSCHLAW, P.A.
>Attorneys for Berber
>20801 Biscayne Blvd., Ste. 300
>Aventura, FL 33180-1423
>Telephone: (305) 792-2540
>Telecopier: (305) 792-2541
>E-Mail: Lmetsch@metsch.com
>
>by _____
>LAWRENCE R. METSCH
>FBN 133162

## CERTIFICATE OF SERVICE

I hereby certify that, using the District Court's ECF/CM system, trues copies of the foregoing Fourth Amended Complaint have been electronically served this 8th day of March, 2018, on:

>Elaine W. Keyser, Esq. (Ekeyser@littler.com)
>Samantha Dunton-Gallagher, Esq. (Sdunton@littler.com)
>Littler Mendelson, P.C.
>Wells Fargo Center
>333 S.E. 2nd Avenue, Suite 2700
>Miami, FL 33131
>E-Mail: kljackson@littler.com

_____
LAWRENCE R. METSCH

13