UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-24918-CIV-MARTINEZ/GOODMAN

DIANA BERBER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON RENEWED MOTION TO TAX COSTS**

Defendant Wells Fargo is seeking $20,390.98 in costs for successfully defending against Plaintiff Diana Berber's wrongful termination lawsuit. [ECF No. 305]. Berber did not file a response in opposition and does not object to the relief requested. [ECF No. 307]. United States District Judge Jose E. Martinez referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 294].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Wells Fargo's motion and award it **$14,624.20** in taxable costs.

**I.    Background**

Berber filed her fourth amended complaint against Wells Fargo on March 8, 2018, alleging retaliation and a violation of Florida's RICO and Whistleblower Act. [ECF No.

176]. Judge Martinez granted Wells Fargo's motion for summary judgment on January 2, 2019. [ECF No. 285]. As the prevailing party, Wells Fargo filed a motion to tax costs on February 1, 2019. [ECF No. 287]. Berber appealed the final judgment granted in Wells Fargo's favor to the Eleventh Circuit. [ECF No. 295]. Judge Martinez then stayed the case pending resolution of the appeal. [ECF No. 303]. The Eleventh Circuit affirmed the District Court's decision and Wells Fargo filed a renewed motion to tax costs. [ECF Nos. 304; 305].

Wells Fargo stated in the motion to tax costs that Plaintiff's counsel "does not oppose the relief requested." [ECF No. 305, p. 3]. The Undersigned requested clarification from Wells Fargo [ECF No. 306]; and Wells Fargo stated that the Plaintiff has taken a "no objection" stance on the matter. [ECF No. 307, p. 1]. The Plaintiff has not filed nor otherwise indicated she objects to the motion.

## II. Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the court is still limited to taxing only those costs specifically authorized by statute. *See E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

III. **Analysis**

    A. *Deposition Transcripts / Related Costs*

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable

depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621. If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) ("Costs for transcript exhibits and condensed (or 'mini') versions of a transcript are only recoverable where the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel.").

Further, it is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

Wells Fargo is requesting reimbursement for the costs associated with the depositions of Diana Berber, Deanne H. Hubert (Wells Fargo's Corporate Representative), Dr. Vilor Shpitalnik (Plaintiff's treating psychiatrist), Marsha Painter, and Dr. Marcelo Barrionuevo (Plaintiff's treating gynecologist). The appearance fees and transcript costs for these depositions total $12,189.20. [ECF No. 305, p. 4]. According to Samantha Dunton-Gallagher, an associate working on this case since its inception, the deposition costs were necessarily incurred for the defense of the lawsuit. [ECF No. 305-4, p. 2]. Plaintiff has not disputed this. Accordingly, the Court finds that the deposition transcripts and related costs of **$12,189.20** are taxable.

B.     *Process Service Fees*

Under 28 U.S.C. § 1920(1), fees charged for the service of subpoenas are taxable as costs. *See* 28 U.S.C. §1920(1) (permitting taxing of "fees of the clerk and marshal"). The Eleventh Circuit has held that "private process server fees" may be taxed pursuant to 28 U.S.C. §1920(1). *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The Eleventh Circuit has held that courts are authorized to tax private process server fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's Service effectuate service. *Id.* at 623-24. The current U.S. Marshal's Service fee schedule sets the fee for process service at $65 per hour for each item served, plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3). Wells Fargo has adjusted the costs of any service of subpoenas to be $55 or less.

Because the amount for service for each of the subpoenas does not exceed $65, the Undersigned recommends that Wells Fargo be awarded **$1,955** for service of subpoenas.

C.     *Witness Fees*

"The Court may tax costs for '[f]ees and disbursements for . . . witnesses.'" *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-CV-1591-ORL-31, 2015 WL 4352048, at *7 (M.D. Fla. July 14, 2015) (citing 28 U.S.C. § 1920(3)). The Eleventh Circuit has stated that "[a] witness who appears before a federal court . . . is entitled to fees and allowances, including an attendance fee of $40 per day of each day's attendance." *Morrison v. Reichold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing 28 U.S.C. § 1821(a)(1) & (b)).

Wells Fargo seeks $4,500 in witness fees: $3,500 is for Dr. Vilor Shpitalnik, M.D, and $1,000 for Dr. Marcelo Barrionuevo. Wells Fargo attached an invoice detailing Dr. Shpitalnik's time ($500 per hour, five hours of testimony and two hours of travel) but only attached a check request form for Mr. Barrionuevo. [ECF No. 305-6]. While $40 per day is low for any expert witness, it is not within this Court's power to increase the amount. Thus, the Undersigned finds that Wells Fargo should be reimbursed $80 ($40 for Dr. Shpitalnik and $40 for Dr. Barrionuevo).

## D.  *Copying Fees*

Costs may be recovered for copies of papers necessarily obtained for use in the case under 28 U.S.C. §1920(4). *See W&O, Inc.*, 213 F.3d at 623. However, the Eleventh Circuit does not award general copying costs made only for the convenience of the party. *Duckworth v. Wisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) ("Plaintiff's affidavits appear to include costs such as general copying . . . which are clearly nonrecoverable."). Thus, the prevailing party has the burden to "demonstrate that the copies were obtained for a reimbursable use." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009). Accordingly, the prevailing party "must provide information regarding the purpose of the copies" so the court can determine whether the rates paid were reasonable and whether the copies made were related to the instant action. *Id*.

Here, Wells Fargo seeks recovery of $946.78 in photocopying costs. However, Wells Fargo did not present any evidence regarding the documents copied, including

6

their use or intended use. *See Rubinstein v. Keshet Inter Vivos Trust*, No. 17-cv-61019, 2019 WL 8275157, at *3 (S.D. Fla. Dec. 17, 2019) ("Here, we are unconvinced that Plaintiffs are entitled to the full amount of the costs requested because their itemized chart is merely a fifty-nine-page list that does not adequately identify the categories of documents nor does it include their intended purpose."). Simply listing how many pages of material was printed does not adequately identify the categories of documents nor does it include their intended purpose.

Thus, the Undersigned recommends that the District Court decline awarding $946.78 for copying fees.

### E. *Removal Fees*

A removal fee is "unquestionably a fee of the clerk" under 28 U.S.C. § 1920(1). *Newman v. Hous. Auth. Of City of Fort Lauderdale*, No. 06-60359 CIV, 2007 WL 315098, at *2 (S.D. Fla. Jan. 31, 2007) (awarding cost of removal fee). Here, Wells Fargo is seeking removal fees totaling $800 for this case and a related case (No. 17-cv-23685). Wells Fargo is only entitled to removal fees associated with this case. Accordingly, Wells Fargo is entitled to the taxation of the costs associated with removal in the amount of **$400**.

## IV.  Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Wells Fargo's motion and award it **$14,624.20** in taxable costs.

## V.  Objections

The parties will have **seven** days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge.[1] Each party may file a response to the other party's objection within **seven** days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

---

[1] The Undersigned is shortening the deadline to file objections and responses because the costs issue is straightforward and because Berber did not oppose the motion.

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on February 2, 2021.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record